**Adrian Garcia CASTANEDA; Lucivia Garcia, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75733.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 15, 2006.

Adrian Garcia Castaneda, Bloomington, CA, pro se.

CAC–District Counsel, Esq., Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department Of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, GOULD and CLIFTON, Circuit Judges.

MEMORANDUM **

Adrian Garcia Castaneda and his wife, Lucivia Garcia, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their applications for cancellation of removal. To

the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo constitutional claims in immigration proceedings. *See Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We deny in part and dismiss in part the petition for review.

The petitioners' equal protection challenge to the Nicaraguan Adjustment and Central American Relief Act is foreclosed by our decision in *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 602–03 (9th Cir. 2002) ("Congress's decision to afford more favorable treatment to certain aliens 'stems from a rational diplomatic decision to encourage such aliens to remain in the United States' ").

The petitioners' constitutional challenge to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 is unavailing. *See Ram*, 243 F.3d at 517 (holding that Congress was entitled to change standards for relief and application of the new standards does not violate due process).

We do not reach the petitioners' contention that the BIA did not adequately explain its decision because we lack jurisdiction to review the merits of the decision. *See Fernandez v. Gonzales*, 439 F.3d 592, 604 (9th Cir.2006) (because court lacks jurisdiction to review hardship determination, court will not evaluate whether hardship determination was adequately explained).

We lack jurisdiction to review the agency's discretionary determination that the petitioners failed to show exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 929–30 (9th Cir.2005).

The petitioners' remaining contentions are unpersuasive.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.